THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF WASHINGTON
8

9   JESSE SCOTT and SHAUN MASTERS,
    individually, and on behalf of others similarly
10  situated,                                        NO. 2:11-cv-01422-JCC

11                        Plaintiffs,               **PLAINTIFFS' UNOPPOSED
                                                    MOTION FOR FINAL APPROVAL
12           v.                                     OF CLASS ACTION SETTLEMENT**

13  UNITED SERVICES AUTOMOBILE            **Noted For Consideration:
    ASSOCIATION, a foreign reciprocal     Tuesday, May 14, 2013, 9:00 a.m.**
14  interinsurance exchange; and USAA
    CASUALTY INSURANCE COMPANY, a
15  foreign insurer; USAA GENERAL
    INDEMNITY COMPANY, a foreign insurer;
16  and GARRISON PROPERTY AND
    CASUALTY INSURANCE COMPANY, a
17  foreign insurer,

18                        Defendants.

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 2:11-cv-01422-JCC

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...................................................................................................1

II. AUTHORITY AND ARGUMENT ........................................................................1

    A. The Settlement Is the Result of Informed, Arm's Length Negotiations ...............1

    B. Settlement Class Members Received Appropriate Notice .....................................2

    C. The Settlement Satisfies the Criteria for Final Approval .....................................3

        1. The Strength of Plaintiffs' Case ...............................................................3

        2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation...........................................................................................4

        3. The Risk of Maintaining Class Action Status ..........................................5

        4. The Settlement Provides Substantial Injunctive Relief for the Class.................................................................................................5

        5. The Extent of Discovery Completed and the Stage of the Proceedings............................................................................................7

        6. The Experience and Views of Counsel .....................................................7

        7. The Presence of a Governmental Participant ............................................8

        8. The Reaction of Settlement Class Members ............................................8

    D. The Payment of Attorneys' Fees and Costs Is Fair and Reasonable....................8

III. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

Page No.

## FEDERAL CASES

*DeHoyos v. Allstate Corp.*,
    240 F.R.D. 269 (W.D. Tex. 2007)..................................................................................6

*Fulford v. Logitech, Inc.*,
    No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010)............5

*Garner v. State Farm Auto Ins. Co.*,
    No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ...............8

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) ......................................................................................9

*Hughes v. Microsoft Corp.*,
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001)...........2

*In re Critical Path, Inc.*,
    No. C 01-00551 WHA, 2002 WL 32627559 (N.D. Cal. June 18, 2002) .........................7

*In re HP Laser Printer Litig.*,
    2011 WL 3861703 (C.D. Cal. Aug. 31, 2011) ..............................................................6

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ......................................................................11

*In re Mego Fin. Corp. Secs. Litig.*,
    213 F.3d 454 (9th Cir. 2000)........................................................................................7

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004)..............................................................................2

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291, 1295 (9th Cir. 1994) ..............................................................................9

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012)...................................................................................1, 3

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998)......................................................................................7

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - ii
CASE NO. 2:11-cv-01422-JCC

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir. 2008) ..........................................................................................11

*Officers for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ................................................................................................4

*Pelletz v. Weyerhaeuser Co.,*
    255 F.R.D. 537 (W.D. Wash. 2009) ...........................................................................2, 7, 8

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ................................................................................................9

**STATE CASES**

*Panag v. Farmers Ins. Co. of Wash.,*
    166 Wn.2d 27, 204 P.3d 1029 (2000) ...................................................................................4

**STATE STATUTES**

RCW 19.86.090 ...............................................................................................................................9

RCW 48.30.010(1) ...........................................................................................................................9

**STATE RULES**

WAC 284-30-210 .............................................................................................................................4

WAC 284-30-350(1) ........................................................................................................................4

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) § 14.13 (2010) ...............................................................9

*Manual for Complex Litigation* (Fourth) § 21.61 (2010) ...............................................................1

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# I.  INTRODUCTION

Plaintiffs Jesse Scott and Shaun Masters respectfully submit this memorandum in support of their motion for final approval of the class action Settlement reached between the parties to this action.  For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the Settlement is fair and reasonable and serves the best interests of the Class Members.  Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement by: (1) approving the proposed Settlement Agreement as fair, adequate, and reasonable for the Settlement Class; and (2) determining that adequate notice was provided to the Settlement Class.

# II.  AUTHORITY AND ARGUMENT

When faced with a motion for final approval of a class action settlement under Rule 23, a court's inquiry is whether the settlement is "fair, adequate, and reasonable."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012).  A settlement is fair, adequate, and reasonable, and merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation."  *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 480 (2010).  "Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair, adequate, and free from collusion.'"  *Lane*, 696 F.3d at 819 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)).

## A.  The Settlement Is the Result of Informed, Arm's-Length Negotiations

To reach the Settlement, the parties engaged in extensive negotiations.  *See* Dkt. No. 44 (Marshall Decl.) ¶¶ 3–6.  Those discussions began in the fall of 2011, and continued over the next several months through in-person meetings, telephone calls and email.  *Id*.  At all times the negotiations were adversarial, non-collusive, and at arm's length.  *Id*.  These discussions culminated in a detailed terms sheet and agreement to settle and, ultimately, the Settlement

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:11-CV-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

1   Agreement.  *See Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the absence of

2   any evidence suggesting that the settlement was negotiated in haste or in the absence of

3   information).  Plaintiffs and their counsel support the Settlement as fair, reasonable, adequate

4   and in the best interests of the Class.  Dkt. No. 44 ¶ 6.

5        As the Court recognized in its preliminary approval order, the Settlement Agreement

6   "appears to be the result of intensive, arm's-length negotiations between experienced attorneys

7   who are familiar with class action litigation and with the legal and factual issues of this case."

8   Dkt. No. 50 at 4:25–5:4.  Such negotiations are *prima facie* evidence of a settlement that is fair

9   and reasonable.  *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D. Wash. 2009)

10  (approving settlement "reached after good faith, arms-length negotiations"); *In re*

11  *Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004)

12  (approving settlement "entered into in good faith, following arms-length and non-collusive

13  negotiations"); *see also Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 WL

14  34089697, *7 (W.D. Wash. Mar. 26, 2001) (finding presumption of correctness attaches to

15  class settlement reached in arm's-length negotiations between experienced counsel).

16  Accordingly, the Settlement is entitled to a presumption of fairness.

17  **B.**     **Settlement Class Members Received Appropriate Notice**

18       This Court has already determined that the notice program in this case meets the

19  requirements of due process and applicable law, provides the best notice practicable under the

20  circumstances, and constitutes due, adequate, and sufficient notice to all persons entitled

21  thereto.  Dkt. No. 50 at 6:14–7:12, 10:4-10.  This notice program is being fully implemented by

22  Dahl Administration, Inc. ("Dahl"), the appointed Settlement Administrator.  *See* Declaration

23  of Jeffrey D. Dahl ("Dahl Decl.") ¶¶ 5-10.

24       The notice program approved by this Court and implemented by Dahl has provided due

25  and adequate notice of these proceedings and of the matters set forth therein, including the

26  Settlement Agreement, to all parties entitled to such notice and satisfies the requirements of

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:11-CV-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

1   Federal Rule of Civil Procedure 23, the requirements of constitutional due process, and the

2   applicable requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988,

3   994 (9th Cir. 2010).  The deadline to object to the Settlement or intervene is April 22, 2013.

4   Thus, Plaintiffs will provide more details regarding the implementation of the notice program

5   and any objections when they file their supplemental brief.

6   **C.      The Settlement Satisfies the Criteria for Final Approval**

7          In deciding whether to grant final approval to a class action settlement, courts consider

8   several factors, including:

9              [T]he strength of the Plaintiffs' case; the risk, complexity, and
               duration of further litigation; the risk of maintaining class action
10             status throughout the trial; the amount offered in settlement; the
               extent of discovery and the stage of the proceedings; the
11             experience and views of counsel; the presence of a government
               participant; and the reaction of the class members to the proposed
12             settlement.

13   *See Lane*, 696 F.3d at 819 (citing *Hanlon*, 150 F.3d at 1026).  Applied to this case, the relevant

14   criteria support final approval of the Settlement.

15          1.      The Strength of Plaintiffs' Case

16          Plaintiffs have thoroughly investigated the factual and legal bases for their claims that

17   Defendants violated Washington State's insurance regulations and the Consumer Protection

18   Act ("CPA"), RCW 19.86 *et seq*., by failing to disclose their PPO network to Plaintiffs and the

19   Class.  That said, one cannot ignore the presence of significant risks in continuing the litigation

20   had settlement not occurred.  Indeed, Defendants successfully obtained dismissal of Plaintiffs'

21   claims stemming from Defendants' alleged common practice of denying PIP/MedPay benefits

22   for chiropractic treatment based on diagnoses made from records reviews without physical

23   examinations, Counts III-VI.  *See* Dkt. No. 37.

24          Plaintiffs' PPO Disclosure Claims turned on whether the disclosure of a PPO network is

25   a "benefit" as contemplated by WAC 284-30-350(1) and whether such a disclosure is required

26   by Washington's insurance regulations.  The insurance regulations do not expressly and

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:11-cv-01422-JCC

1  specifically identify a duty to disclose under these circumstances, but Plaintiffs argue WAC

2  284-30-350(1) is worded generally to encompass a broad universe of information that must be

3  disclosed, including "all pertinent benefits, coverages or other provisions of an insurance

4  policy . . . ."  WAC 284-30-350(1).  Plaintiffs allege this is consistent with the express "scope"

5  of WAC Chapter 284-30, which governs all "unfair claims settlement practices" regardless of

6  whether they are specified in the regulations.  WAC 284-30-210.

7          Plaintiffs assert the far-reaching nature of Washington State's insurance regulations

8  coupled with the remedial nature of the CPA supports their position that Defendants had a duty

9  to disclose their PPO network to Plaintiffs and the Class.  *See, e.g., Panag v. Farmers Ins. Co.*

10 *of Wash.*, 166 Wn.2d 27, 204 P.3d 1029 (2000) (explaining the CPA is "intended to provide

11 sufficient flexibility to reach unfair or deceptive conduct that inventively evades regulation.").

12 Nevertheless, Defendants dispute Plaintiffs' allegations, and Plaintiffs' request for relief could

13 be substantially reduced, or eliminated altogether, if the Court were to hold otherwise, and even

14 it Plaintiffs did prevail, any relief could be delayed for years by an appeal.

15         The Settlement Agreement provides substantial relief to Class Members without further

16 delay.  The reality that Class Members could end up receiving no benefits or losing the case at

17 or before trial was significant enough to convince Plaintiffs and Plaintiffs' counsel that the

18 Settlement Agreement reached with Defendants outweighs the gamble of continued litigation.

19         2.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation

20         Another factor in assessing the fairness of the proposed Settlement is the complexity,

21 expense, and likely duration of this lawsuit had settlement not been achieved.  *Officers for*

22 *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Throughout the negotiation

23 process, Defendants vigorously defended their position and expressed every intention of

24 continuing a spirited defense, absent a settlement, through trial and appeal.  Class Counsel have

25 a significant amount of experience in consumer class action litigation and know from their own

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:11-CV-01422-JCC

1   experience that any case involving a class of consumers can, and often does, lead to costly

2   litigation that goes on for years.

3          Moreover, there is a substantial risk of losing inherent in any jury trial.  Even if

4   Plaintiffs prevailed at trial, the Defendants would almost certainly appeal, threatening a reversal

5   of any favorable outcome and causing significant delays in obtaining any relief for Settlement

6   Class members.  *See Fulford v. Logitech, Inc.*, No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS

7   29042, at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of

8   any appeals that would likely follow if the Class were successful at trial—present substantial

9   risks and delays for Class member recovery.").

10         3.      The Risk of Maintaining Class Action Status

11         Another risk Plaintiffs faced going forward is that this Court would decline to certify

12  this case as a class action.  If Defendants persuaded the Court not to certify a class, Plaintiffs

13  and all Settlement Class members would have been left to try to pursue their small value

14  individual claims on their own.

15         4.      The Settlement Provides Substantial Injunctive Relief for the Class

16         The Settlement Agreement provides injunctive relief for all Class Members by requiring

17  Defendants to implement disclosures to Washington insureds who make first-party claims for

18  medical expenses under the Personal Injury Protection or Medical Payments Coverages of their

19  policies.  For a period of three years after final approval of the settlement, Defendants will

20  incorporate language into the "Important Notice" form sent to those insureds that: (1) advises

21  the insureds that medical providers may charge more than the amount covered by the policy;

22  and (2) details the availability of PPO network providers who have agreed to accept a

23  contracted or reduced rate as payment in full for covered charges.  Dkt. No. 44, Ex. A

24  (Settlement Agreement) § VI.40.  The disclosure language will explain: "These participating

25  health care providers may have also agreed not to seek any additional payment from you for

26  covered charges."  *Id.*  Finally, the disclosure language will list PPO networks with

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:11-cv-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  participating providers.  *Id.*

2      The Settlement Agreement also requires Defendants to incorporate language in the

3  Explanation of Reimbursement ("EOR") form that is sent out to Defendants' Washington

4  insureds who make PIP/MedPay claims in which the resulting EOR reflects a discount to a

5  medical bill based on a PPO Reason Code.  Settlement Agreement § VI.40.  That disclosure

6  explains the PPO Reason Code, providing, in part: "This service provider participates in a PPO

7  network and has agreed to accept as payment in full the reimbursement amount listed in this line

8  for the service listed, and also has agreed not to seek any additional payment from the patient."

9  *Id.*

10      The injunctive relief provided by the Settlement is a benefit to Class Members who

11  otherwise may not be aware of the availability and benefit of receiving treatment from a PPO

12  network provider.  Such relief is a benefit to all Class Members.  *See, e.g.*, *DeHoyos v. Allstate*

13  *Corp.*, 240 F.R.D. 269 (W.D. Tex. 2007) (certifying Rule 23(b)(2) class and granting final

14  approval of proposed settlement between policyholders and their insurer noting that "[w]hen the

15  relief sought is injunctive relief, the benefits… would inure not only to [the] known class, but

16  also to a future class of indefinite size") (citing *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402,

17  429 (5th Cir. 1998)); *see also In re HP Laser Printer Litig.*, 2011 WL 3861703, *2 (C.D. Cal.

18  Aug. 31, 2011) (granting final approval of class action settlement where the "primary relief

19  [was] injunctive relief" requiring defendant to make certain disclosures to the consumer class

20  regarding defendant's product).

21      In exchange for the injunctive relief relating to the PPO Disclosure Claims, Class

22  Members will release all claims for declaratory and injunctive relief relating to any theory that

23  could have been asserted in this action with respect to the PPO Disclosure Claims only.  *See*

24  Settlement Agreement §§ IX.48–50.  Class Members will <u>not</u> release claims for monetary

25  damages that could have been asserted in this case.  *Id.*

26

5.      The Extent of Discovery Completed and the Stage of the Proceedings

Courts regularly approve prompt settlements, especially those achieved after thorough negotiations.  *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 539 (W.D. Wash. 2009); *see also In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding that class counsel's significant investigation and research supported approval of settlement, even absent extensive formal discovery); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("[F]ormal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement."); *In re Critical Path, Inc.*, No. C 01-00551 WHA, 2002 WL 32627559, at *7 (N.D. Cal. June 18, 2002) ("Through protracted litigation, the settlement class could conceivably extract more, but at a plausible risk of getting nothing").

Here, Plaintiffs reached a settlement only after investigating the factual bases of their claims, researching related legal issues, and engaging in extensive negotiations with Defendants.  Dkt. No. 44 ¶¶ 2–6.  Plaintiffs' counsel exchanged information with counsel for the USAA Defendants and analyzed the claims in depth.  *Id*.  Eventually, the parties agreed that the claims asserted in Plaintiffs' Second Amended Complaint presented threshold issues of law.  *Id*.; Dkt. No. 47 ¶ 3.  At the time of settlement, the legal issues had been presented to the Court on Defendants' motion to dismiss.  *See* Dkt. Nos. 32, 34, 36.  Thus, Plaintiffs were thoroughly familiar with the legal issues involved in this litigation.

The Settlement is the result of a thorough investigation and an evaluation of Plaintiffs' legal claims, and was reached before the parties engaged in time consuming and expensive discovery.  This factor supports approval.

6.      The Experience and Views of Counsel

Where class counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight.  *See Pelletz*, 255 F.R.D. at 543. Here, Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole.  *See* Dkt. No. 44 ¶ 6; Dkt. No. 47 ¶ 5.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:11-CV-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.     The Presence of a Governmental Participant

No governmental entity is a party to this action.  However, in compliance with the notice provision of CAFA 28 U.S.C. § 1715, notice of the Settlement has been provided to the United States Attorney General and the Washington State Office of the Insurance Commissioner.  *See* Dahl Decl. ¶¶ 5-7.

"Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state of federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures."  *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).  No governmental entity has objected.

8.     The Reaction of Settlement Class Members

A positive response to a settlement by the class—as evidenced by a small percentage of objections—further supports final approval.  *See Pelletz*, 255 F.R.D. at 543.  The deadline to object to the Settlement or intervene is April 22, 2013.  Thus, Plaintiffs will fully analyze this factor when they file their response papers regarding any objections to the Settlement.

The response to the Settlement thus far strongly indicates that the reaction to the Settlement will be positive.  As of April 2, 2013, the Settlement Administrator, Dahl, has not received any objections to the Settlement.  *See* Dahl Decl. ¶ 11.  After the deadline to submit objections has passed, Class Counsel will supplement the record with updated information.

**D.     The Payment of Attorneys' Fees and Costs Is Fair and Reasonable**

Subject to court approval, Defendants have agreed to pay Plaintiffs attorneys' fees and costs in an amount not to exceed $87,048.86.  Settlement Agreement § VIII.44.  As described below, the reasonableness of this fees and costs payment is supported both by the fee-shifting statute at issue in this action and by Ninth Circuit precedent.

The Washington Consumer Protection Act, under which Plaintiffs pursued their claims for unfair and deceptive business practices, provides for mandatory awards of attorneys' fees

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 8
CASE NO. 2:11-cv-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

1   and costs to prevailing consumers.  *See* RCW 19.86.090 ("Any person who is injured in his or

2   her business or property" by an unfair or deceptive business practice, "may bring a civil action

3   in superior court to enjoin further violations, to recover the actual damages sustained by him or

4   her, or both, together with the costs of the suit, including a reasonable attorney's fee."); *see also*

5   RCW 48.30.010(1) ("[n]o person engaged in the business of insurance shall engage in… unfair

6   or deceptive acts or practices in the conduct of such business").

7        Relying on United States Supreme Court precedent, the Ninth Circuit has held "that the

8   parties to a class action may simultaneously negotiate merits relief and an award of attorneys'

9   fees under a fee-shifting statute…."  *Staton v. Boeing Co.*, 327 F.3d 938, 971−72 (9th Cir.

10  2003) (citing *Evans v. Jeff D.*, 475 U.S. 717, 720 (1986)).  "In the course of judicial review, the

11  amount of such attorneys' fees can be approved if they meet the reasonableness standard when

12  measured against statutory fee principles."  *Id*. at 972.  In other words, the Court assesses "the

13  reasonableness of the fee request under the lodestar calculation method."  *Id*. at 966.

14       "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by

15  multiplying the reasonable hours expended by a reasonable hourly rate."  *In re Wash. Pub.*

16  *Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d

17  at 965.  If circumstances warrant, the court may adjust the lodestar to account for other factors

18  which are not subsumed within it.  *Staton*, 327 F.3d at 965 & n.17.  Upward adjustments may

19  be appropriate based on the results obtained, the quality of representation, or the delay in

20  payment to class counsel.  MCL 4th § 14.13, at 266-68.  For example, "to compensate

21  prevailing parties for any delay in the receipt of fees," courts will often apply "current rather

22  than historic rates in order to adjust for inflation and the loss of funds."  *Gates v. Deukmejian*,

23  987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee award at current rates is intended to compensate

24  prevailing attorneys for lost income they might have received through missed investment

25  opportunities as well as lost interest."); *see also MCL* § 14.13, at 197.

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:11-cv-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

When examined through the lens of the lodestar calculation method, the payment of $87,048.86 called for by the Settlement for attorneys' fees and litigation expenses is shown to be fair and reasonable.  During the course of this litigation, Class Counsel have spent more than 351 hours prosecuting the PPO Disclosure Claims on behalf of the Class.  *See* Supp. Marshall Decl. ¶ 4; Supp. Van Gieson Decl. ¶ 8.  Based on the hourly rates Class counsel normally apply in this type of case and that have been approved by other courts, counsel's lodestar is $156,230.  *See* Supp. Marshall Decl. ¶ 4; Supp. Van Gieson Decl. ¶ 8

The lodestar calculations of Class Counsel are based on reasonable hourly rates.  Class Counsel set their rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members.  Supp. Marshall Decl. ¶ 3; Supp. Van Gieson Decl. ¶¶ 6-7.  The rates charged for attorneys and staff members working on this matter range from $75 to $650, with the majority of the work performed by Mr. Marshall at an hourly rate of $575 and Mr. Van Gieson at an hourly rate of $425.  *See id.*  In addition, Class Counsel's rates have been approved in class action cases brought in the Washington U.S. District Courts and state courts.  *See* Supp. Marshall Decl., Ex. 1 (granting attorneys' fees award based on rates ranging from $100 to $600, including a rate of $575 for Mr. Marshall); Ex. 2 (Judge Robart approving as reasonable rates ranging from $175 to $600); Ex. 3 (Judge Spector approving fee request based on rates ranging from $100 to $760); Ex. 4 (Judge Washington approving fee request based on rates ranging from $100 to $760); Ex. 5 (Judge Lasnik approving Plaintiffs' counsel's fee request based on rates ranging from $180 to $650).

Counsel have also expended $1,937.30 in litigation expenses related to legal research, investigation, discovery, travel, mediation fees, and administrative costs such as copying, mailing, and messenger expenses.  Supp. Marshall Decl. ¶ 5; Supp. Van Gieson Decl. ¶ 9.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:11-cv-01422-JCC

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   These out-of-pocket costs were necessary to secure the resolution of this litigation.  *See In re*

2   *Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that

3   costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs,

4   computerized legal research fees, and mediation expenses are relevant and necessary expenses

5   in a class action litigation).

6       A payment of $87,048.86 in statutory fees and costs is reasonable in light of Class

7   Counsel's lodestar and, indeed, reflects an amount under the actual fees, expenses, and costs

8   incurred in pursuit of the PPO Disclosure Claims.  Class Counsel diligently prosecuted those

9   claims from beginning to end while making reasonable attempts to minimize fees and costs.

10   Knowing it was possible they would never be paid for their work, counsel had no incentive to

11   act in a manner that was anything but economical.  *See Moreno v. City of Sacramento*, 534 F.3d

12   1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on

13   contingency cases in the hope of inflating their fees.  The payoff is too uncertain, as to both the

14   result and the amount of the fee.").  That said, counsel took their charge seriously and

15   endeavored to represent the interests of the Class Members to the greatest extent possible.

16       Here, the work Plaintiffs' counsel performed was necessary to ensure the successful

17   prosecution and settlement of the PPO Disclosure Claims.  This included time spent

18   investigating the claims; researching legal issues; engaging in settlement negotiations; and

19   facilitating the settlement approval process.  Supp. Marshall Decl. ¶ 9.

20       All in all, Class Counsel worked hard to bring the PPO Disclosure Claims to a

21   successful resolution at the earliest possible stage in light of the fact that this case turned on the

22   resolution of a pure legal issue.  The fees and costs payment provided for in the Settlement is

23   fair and reasonable.

### III.  CONCLUSION

25       The Settlement is fair, adequate, and reasonable.  Indeed, the injunctive relief provided

26   by the Settlement is a benefit to Class Members who otherwise may not be aware of the

1   availability and benefit of treating with one of Defendants' PPO network providers.  This is a

2   benefit to all Class Members and potential future insureds of Defendants as well.  As for

3   attorneys' fees and costs, an award to Class Counsel of $87,048.86 in fees and litigation costs is

4   appropriate given the work counsel performed and the successful resolution achieved on behalf

5   of the Settlement Class.  For these reasons, Plaintiffs respectfully request that the Court enter

6   the Proposed Order of Final Settlement Approval submitted herewith.

7         DATED this 8th day of April, 2013.

8                       TERRELL MARSHALL DAUDT & WILLIE PLLC

9

10                    By:  /s/ Toby J. Marshall, WSBA #32726
                        Beth E. Terrell, WSBA #26759

11                         Email:  bterrell@tmdwlaw.com
                        Toby J. Marshall, WSBA #32726

12                         Email:  tmarshall@tmdwlaw.com
                        Bradley E. Neunzig, WSBA #22365

13                         Email:  bneunzig@tmdwlaw.com
                        936 North 34th Street, Suite 400

14                         Seattle, Washington  98103-8869
                        Telephone:  (206) 816-6603

15                         Facsimile:  (206) 350-3528

16

17                         Harold D. Carr, WSBA #11767
                        Email:  haroldcarrlaw@comcast.net

18                         Matthew E. Van Gieson, WSBA #39483
                        Email:  matthew@haroldcarrattorney.com

19                         HAROLD D. CARR, P.S.
                        4239 Martin Way East

20                         Olympia, Washington  98516-5335
                        Telephone: (360) 455-0030

21                         Facsimile:  (360) 455-0031

22

23                    *Attorneys for Plaintiffs and the Proposed Class*

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on April 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kelly P. Corr, WSBA No. 0555
Email: kcorr@corrcronin.com
William Walsh, WSBA No. 21911
Email:  wwalsh@corrcronin.com
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
Telephone:  (206) 625-8600
Facsimile:  (206) 625-0900

Aphrodite Kokolis, *Admitted Pro Hac Vice*
Email:  dkokolis@schiffhardin.com
Jay Williams, *Admitted Pro Hac Vice*
Email:  jwilliams@schiffhardin.com
Marci A. Eisenstein, *Admitted Pro Hac* Vice
Email:  meisenstein@schiffhardin.com
David C. Scott, *Admitted Pro Hac Vice*
Email:  dscott@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606
Telephone:  (312) 258-5575
Facsimile:  (312) 258-5600

*Attorneys for Defendants*

DATED this 8th day of April, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:  /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email:  tmarshall@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 13
CASE NO. 2:11-cv-01422-JCC