THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE SCOTT and SHAUN MASTERS, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a foreign reciprocal interinsurance exchange; and USAA CASUALTY INSURANCE COMPANY, a foreign insurer; USAA GENERAL INDEMNITY COMPANY, a foreign insurer; and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>Defendants. | CASE NO. C11-1422-JCC<br><br>FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 52) and the May 14, 2013 hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Final Approval Hearing") as to the fairness, reasonableness, and adequacy of the Parties' proposed settlement of this Action preliminarily approved by the Court on January 7, 2013.

The Court reviewed the Settlement Agreement (including Exhibits) and all papers submitted in connection with the proposed settlement and has considered all arguments of counsel. No objections to the settlement have been filed. The Court finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). The Court therefore directs the Parties and their counsel to implement and consummate the Settlement Agreement and directs the administration of the settlement in accordance with the terms and provisions of the Settlement Agreement.

IT IS THEREFORE ORDERED:

1.  Plaintiffs' Motion for Final Approval of Class Action Settlement is granted. The Court grants final approval to the Parties' settlement, as set forth in the Settlement Agreement (including Exhibits). The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2.  This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

3. The Court finds that the settlement is fair, reasonable, and adequate as to each of the Parties and the Settlement Class Members, and consistent and in compliance with all requirements of Due Process, federal law, and Washington law, as to, and in the best interests of, each of the Parties and the Settlement Class Members, and directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

4.  The Court grants final approval of the certification of the Settlement Class, for settlement purposes only, and confirms its preliminary certification of the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2):

> All persons who, at any time from July 29, 2005, through the close of the three-year injunction period after the Effective Date of this settlement, are, were, or will be insureds under a Washington automobile insurance policy issued by the USAA Entities and providing for first-party personal injury protection and/or medical payments coverages.
>
> Excluded from the Settlement Class are (i) all officers, employees, and agents of the USAA Entities, Class Counsel, and their immediate families; (ii) any members of the judiciary assigned to the case, and their immediate families; and (iii) the USAA Entities' counsel of record and their immediate families.

The USAA Entities shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

5. The Court confirms its previous finding in the Preliminary Approval Order that, for settlement purposes only, the Action meets all the requirements of Federal Rule of Civil Procedure 23(b)(2).

6. The Court finds that Class Counsel and the Named Plaintiffs have adequately represented the Settlement Class in entering into and implementing the Settlement Agreement and the Court confirms their preliminary appointment as Class Counsel and class representatives.

7. The Court confirms its preliminary appointment of Dahl Administration, Inc. as the Settlement Administrator. The Court finds that Dahl Administration, Inc. has met and will continue to meet all requirements of the Court as set forth in the Preliminary Approval Order and the Settlement Agreement.

8. The Court finds that the Class Notice, the website notice, and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object to the proposed settlement; (iii) were reasonable and constituted due, adequate,

and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and Washington law.

9. The Court further finds that the CAFA Notice sent by the USAA Entities complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

10. The Court hereby dismisses the Action (including all individual and class claims) on the merits as to the USAA Defendants with prejudice and without fees or costs except as expressly provided in the Settlement Agreement and this Final Order and Judgment. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over USAA Entities, the Named Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the settlement and the Final Order and Judgment, and for any other necessary purposes.

11. The Court finds that the Named Plaintiffs and all other Settlement Class Members have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against the USAA Entities and the other Releasees, as provided in the Settlement Agreement.[1]

---

[1] The pertinent Release paragraphs from the Settlement Agreement are as follows:

48. All Settlement Class Members shall be bound by this Agreement, and all of their claims, as provided under this Agreement, shall be dismissed with prejudice and released, even if they never received actual notice of the Action or its settlement.

49. As of the Effective Date, the Named Plaintiffs and all other Settlement Class Members, on behalf of themselves and their heirs, executors, administrators, successors, estates, and assigns, shall be conclusively deemed to have fully released and discharged the USAA Entities and all of the USAA Entities' (a) past, present, and future parents, subsidiaries, divisions, and affiliates, and (b) past, present, and future officers, directors, members, agents, employees, servants, stockholders, insurers, attorneys, representatives, successors, assigns, and independent contractors of the entities in part (a) above (the "Releasees"), of and from all Released Claims, and agree that they shall not now or hereafter initiate, maintain, or assert any Released Claims against the Releasees in any other court action or before any administrative body (including any state department of insurance or other regulatory entity or organization), tribunal, arbitration panel, or other adjudicating body. Without in any way limiting the scope of the Release described in Paragraphs 48-51, this

12. The Court declares the Settlement Agreement and this Final Order and Judgment to be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their heirs, executors, administrators, successors, assigns, and estates. Each Settlement Class Member shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed settlement.

13. Accordingly, upon the Effective Date, the Named Plaintiffs and all Settlement Class Members shall be barred from asserting any Released Claims against the USAA Entities

---

Release covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiffs or Settlement Class Members, or by the Named Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Released Claims except to the extent otherwise specified in the Agreement.

50. Except as provided in the last two sentences of this Paragraph, Released Claims include any and all claims for relief or causes of action, pursuant to any theory of recovery, including but not limited to claims based in contract or tort, common law or equity, and federal, state, or local law, statute, ordinance, or regulation, that Plaintiffs had, now have, might have had, or hereafter may have by reason of any act, omission, or occurrence of any kind by the Releasees from the beginning of time, arising from or related to any and all claims for declaratory or injunctive relief, known and unknown, that have been, could have been, or should have been asserted with respect to the PPO Disclosure Claims in the Action. Except as provided in the last two sentences of this Paragraph, Released Claims include claims for declaratory and injunctive relief relating to the PPO Disclosure Claims pursuant to any theory of recovery, including but not limited to breach of contract, breach of the duty of good faith and fair dealing, negligence, bad faith, willful and wanton conduct, breach of statutory duties, actual or constructive fraud, intentional or negligent misrepresentations, fraudulent inducement, outrageous conduct, statutory and consumer fraud, breach of fiduciary duty or quasi-fiduciary duty, unfair or deceptive business or trade or insurance acts or practices, insurance premium overcharges or a refund or rebate of premiums, anticipatory repudiation, restitution, and rescission. Released Claims do not include claims for monetary damages that could have been asserted, pursuant to any theory of recovery, in the Action with respect to the PPO Disclosure Claims. Released Claims do not include claims or causes of action arising after the close of the three-year injunction period that follows the Effective Date of this settlement, as provided in Paragraph 40.

51. Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

1  and the other Releasees, and any such Settlement Class Members shall have released any and
2  all Released Claims as against the USAA Entities and the other Releasees, as provided in
3  Paragraphs 48–51 of the Settlement Agreement.

4    14. The Court hereby bars and enjoins the Named Plaintiffs and all other Settlement
5  Class Members from (i) filing, commencing, prosecuting, intervening in, or participating (as
6  class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or
7  other proceeding in any jurisdiction based on the Released Claims and (ii) organizing
8  Settlement Class Members into a separate class for purposes of pursuing as a purported class
9  action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by
10 seeking to amend a pending complaint to include class allegations, or seeking class certification
11 in a pending action) based on the Released Claims.

12   15. The Court further orders that the preliminary and final approvals of the proposed
13 settlement, and all actions associated with them, shall be vacated if the Settlement Agreement is
14 terminated or disapproved in whole or in part by any appellate court and/or other court of
15 review, or if any of the Parties invokes the right to withdraw from the settlement as provided in
16 Paragraphs 52–54 of the Settlement Agreement, in which case the Parties shall be restored to
17 their litigation positions existing on October 1, 2012; provided, however, that the Agreement
18 Regarding Individual Settlements (Exhibit 4 to the Settlement Agreement), and the Order
19 Granting Joint Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (Doc. 42),
20 shall remain in full force and effect regardless of whether this Final Order and Judgment
21 becomes Final, as provided in Paragraph 54 of the Settlement Agreement.

22   16. The Court further orders that the Settlement Agreement, and all proceedings
23 taken pursuant thereto, are not, and should not in any event be offered, received, or construed
24 as evidence of, a presumption, concession, or an admission by any Party of liability or
25 nonliability or of the certifiability or non-certifiability of a litigation class, or of any
26 misrepresentation or omission in any statement or written document approved or made by any

1  Party; provided, however, that reference may be made to the Settlement Agreement and the
2  settlement provided for therein in such proceedings as may be necessary to effectuate the
3  provisions of the Settlement Agreement, as further set forth in the Settlement Agreement.

4      17.    The Court approves the payment of attorneys' fees, costs, and expenses to Class
5  Counsel (the "Attorneys' Fees and Costs Award") in the amount of $87,048.86. The Attorneys'
6  Fees and Costs Award shall be distributed to Class Counsel in accordance with the terms of the
7  Settlement Agreement.

8      18.    The Court authorizes the Parties, without further approval from the Court, to
9  agree to and adopt such amendments, modifications, and expansions of the Settlement
10 Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the
11 Final Order and Judgment and (ii) do not limit the rights of Settlement Class Members.

12     IT IS SO ORDERED.
13     DATED this 14th day of May 2013.

                                     _____
                                       John C. Coughenour
                                       UNITED STATES DISTRICT JUDGE